*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ROBERT LEE HORTON II,

        Defendant-Appellant.

UNPUBLISHED
August 22, 2019

No. 341933
Macomb Circuit Court
LC No. 2016-003459-FC

Before: BECKERING, P.J., and SAWYER and CAMERON, JJ.

PER CURIAM.

At defendant's second trial, a jury convicted him of armed robbery, MCL 750.529, and the trial court later sentenced him as a fourth-offense habitual offender, MCL 769.12, to 25 to 40 years' imprisonment. Defendant appeals as of right. We affirm.

## I. BACKGROUND

Defendant's conviction arises from the robbery of a liquor store in Mt. Clemens on November 8, 2015. The prosecutor presented evidence that, immediately after the robbery, the store's owner informed the police that he recognized the robber as a frequent customer at the store, despite that the robber wore a hat and dark glasses, but he did not know the robber's name. The robbery was captured on a store surveillance camera, but the identity of the robber was not determined.

In September 2016, the police received information that the children of defendant's girlfriend had reported to Child Protective Services ("CPS") workers that defendant had bragged about getting away with robbing a liquor store. A detective compared defendant's photo with a photo of the robber from the store's surveillance camera, and he found them to be a "very, very, very good match." When presented with a six-person photo array, the store's owner immediately identified defendant's photo and said he was "[a] hundred percent" certain that defendant was the person who robbed him. The defense denied that defendant committed the robbery and asserted that defendant had been misidentified.

At defendant's first trial, in August 2017, he elected to represent himself, with the assistance of standby advisory counsel. Defendant reaffirmed his desire to represent himself after the trial court informed him that his legs would be shackled, which would restrict his movement and prevent him from being able to walk around the courtroom. Before jury voir dire, during a discussion about defendant's self-representation and his being "held to the same standard" as the prosecutor, defendant asked if he "would be allowed to move around as the same standard as the prosecution." The trial court responded that because of "safety and security," he would not "be able to walk around the courtroom." Defendant asked if the court was "saying" that "[i]t's going to handicap [him] of expressing [him]self," and that he was "just asking." The trial court stated, "You can express yourself the best you can from the location the Court has indicated." Nothing more was stated about the matter. This trial ended in a mistrial because the jury was unable to reach a verdict.

Defendant was retried and again elected to represent himself, again with the assistance of standby advisory counsel. Once again, the court ordered that defendant would be shackled during trial and it was noted on the record that the shackles would not be visible to the jury. At the conclusion of this trial, the jury convicted defendant as charged. At sentencing, when given the opportunity to allocute, defendant brought up that he was shackled at trial, complained that he was not able to move around in the same manner as the prosecutor, and argued that he should have been given the same freedom as a defense attorney and "should never have been shackled up[.]" In response, the prosecutor observed that defendant did not object, did not ask for any accommodations for anything that he wished to emphasize to the jury, and that defendant was "rather expressive during trial," although this was not reflected in the record. Defendant agreed that "this was [his] first time bringing this up," following which the trial court proceeded with sentencing.

## II. SHACKLING

In his sole argument on appeal, defendant argues that the trial court violated his constitutional right of self-representation by ordering shackling during trial because the shackles impeded his ability to effectively represent himself, given that he could not walk around the courtroom. To properly preserve an issue for appeal, a defendant must timely object in the trial court, even if the right asserted is constitutional in nature. *People v Carines*, 460 Mich 750, 752-753, 763-764; 597 NW2d 130 (1999). As defendant acknowledges, he did not timely challenge the court's decision to order shackling during trial or argue that the shackling violated his constitutional right of self-representation. We therefore review this unpreserved claim for plain error affecting defendant's substantial rights. *Id*.

"Included within the right to a fair trial, absent extraordinary circumstances, is the right to be free of shackles or handcuffs in the courtroom." *People v Payne*, 285 Mich App 181, 186; 774 NW2d 714 (2009). However, the right to be free from restraints is not absolute; the trial court has discretion to order shackling "only on a finding supported by record evidence" that shackling "is necessary to prevent escape, injury to persons in the courtroom or to maintain order." *Id*. (citation and quotation marks omitted.) Even if a trial court's decision to shackle a defendant is an abuse of discretion, the defendant must show that prejudice resulted. *Id*. "[A] defendant is not prejudiced if the jury was unable to see the shackles on the defendant." *People v Horn*, 279 Mich App 31, 36; 755 NW2d 212 (2008).

-2-

In this case, the only discussion regarding the trial court's decision to require shackling occurred at defendant's first trial. Before jury voir dire, defendant asked if he would be allowed to move around. In responding that defendant would not be allowed to do so, the trial court stated that defendant had been "charged with a[n] assaultive crime and this Court needs to insure the safety and security of this courtroom." There was no evidence placed on the record to support that defendant was a flight risk, or that leg shackles were needed to prevent injury to persons in the courtroom or to maintain order. See *Payne*, 285 Mich at 186-187. But again, defendant did not object to, or otherwise challenge, the trial court's reasons for requiring that he be shackled. Regardless of whether the trial court's reasons for shackling were grounded in evidence, defendant has failed to show that he was prejudiced. The trial court recognized the importance that the jury not be able see defendant's leg shackles at trial. The court noted for the record that counsel's table was shrouded, which obscured defendant's legs, to ensure that the shackles were not visible to the jurors. Accordingly, because defendant's shackled legs were not visible to the jury, defendant was not prejudiced because of the shackling. *Horn*, 279 Mich App at 36.

Defendant's argument, however, extends beyond asserting prejudice because of the mere fact that his legs were shackled. He contends that the shackling also prevented him from effectively representing himself, thus violating his constitutional rights, because he was not allowed to freely move around the courtroom. The Sixth Amendment of the United States Constitution explicitly guarantees a defendant in a criminal case the right to the assistance of counsel and implicitly guarantees the right of self-representation. US Const, Am VI; *Faretta v California*, 422 US 806, 818-832; 95 S Ct 2525; 45 L Ed 2d 562 (1975). "While a defendant's right to self-representation encompasses certain specific core rights, including the right to be heard, to control the organization and content of his own defense, to make motions, to argue points of law, to participate in voir dire, to question witnesses, and to address the court and the jury at times, the right to self-representation is not unfettered." *People v Arthur*, 495 Mich 861, 862; 836 NW2d 694 (2013).

It is undisputed that defendant effectively invoked his right of self-representation, and defendant was afforded this right. Defendant gave an opening statement, cross-examined the prosecution's witnesses, made objections, argued his positions, and presented a closing argument. Although advisory counsel was available to assist defendant at trial, defendant clearly controlled the organization and content of his own defense. Defendant's inability to freely walk around the courtroom did not prevent him from maintaining control over all aspects of his case and fully participating in the trial. Further, there is no established precedent, and defendant fails to cite any applicable authority, for his contention that a defendant is denied his right of self-representation when he is required to remain shackled while representing himself. Our Supreme Court has observed that a defendant who "elected to relinquish his right [of self-representation] rather than exercise that right while seated behind the defense table does not amount to a denial of the defendant's right of self-representation." *Arthur*, 495 Mich at 862.

Defendant emphasizes that similar restrictions (i.e., remaining seated or standing behind counsel table) were not placed on the prosecutor, and the trial court should have observed the disparity in the parties' abilities to present their respective cases. As defendant acknowledges, however, he did not request that the trial court limit the prosecutor's movement, use a different security measure, or request any other accommodations. Further, defendant again fails to cite

any applicable authority for his suggestion that equal restrictions must be imposed on a prosecutor and a pro se defendant in order to protect the defendant's right of self-representation. Consequently, defendant has not demonstrated a plain error affecting his substantial rights with respect to this issue. Accordingly, he is not entitled to appellate relief. *Carines*, 460 Mich at 762-763.

Affirmed.

/s/ Jane M. Beckering
/s/ David H. Sawyer
/s/ Thomas C. Cameron